[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13967
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00267-CEM-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS COLLINS HALL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas Hall appeals his 60-month sentence for possession of child pornography on the grounds that the sentence does not serve the sentencing goals articulated in 18 U.S.C. § 3553(a) and is substantively unreasonable.  Because we must review his sentence under a deferential abuse-of-discretion standard, we affirm.

Mr. Hall pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), after downloading images and videos that displayed sexual violence against children under the age of 12.  At sentencing, the district court calculated a guideline range of 70 to 87 months' imprisonment.[1]  The district court then varied downward to impose a sentence of 60 months' imprisonment, but it provided no explanation for the variance other than to confirm its own judgment that "[a]fter considering the advisory sentencing guidelines and all factors identified in Title 18, U.S. Code, 3553(a)(1) through (7), . . . the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing."  Doc. 54 at 58-59.

On appeal, Mr. Hall argues that the district court's downward variance was too small.  In support of this argument, he recites mitigation evidence that he contends places him among the least culpable and dangerous perpetrators of child

---

[1] This range reflected a three-level reduction in Mr. Hall's offense level for acceptance of responsibility as well as enhancements for distribution through a peer-to-peer file sharing network, material involving prepubescent minors, portrayal of sadistic or masochistic conduct or other depictions of violence, use of a computer, and the number of video files involved in the offense.

pornography offenses:  his childhood was marred by an absent father, an alcoholic mother, and an abusive step-grandmother and bipolar brother; he has a history of hallucinations and depression, and he once attempted suicide; in committing the convicted offense, he only fleetingly used inculpatory search terms and deleted much of the content he downloaded; he immediately cooperated with investigators; he inspired positive reports from the mental health professionals who evaluated him after his arrest; diagnostic tests confirmed that he had never committed a contact offense against a minor and had no interest in doing so; and he was engaged to be married and steadily employed at the time of his arrest.  Although the content of the images and videos in this case is particularly deplorable, Mr. Hall argues that a 60-month sentence does not further the goals articulated in 18 U.S.C. § 3553(a) given his low risk of recidivism and his willingness and ability to undergo mental health treatment.  He also argues that the only offense characteristics the district court emphasized at sentencing apart from the gruesome nature of the content were the deliberate nature of his actions and the purpose of self gratification, two offense characteristics that are present in essentially every child pornography case.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, vacating the sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of

3

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)) (internal quotation marks omitted).  However, "nothing . . . requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).  Further, although the district court must evaluate all the § 3553(a) factors, it is free to assign "great weight" to any one of the factors over the others.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (internal quotation marks omitted).

Bound by these constraints on our review, we cannot say the district court abused its discretion in sentencing Mr. Hall to 60 months' imprisonment, particularly given that the district court varied downward from a guidelines range of 70 to 87 months' imprisonment and imposed a sentence well below the statutory maximum.  At sentencing, the district court heard the mitigation evidence Mr. Hall presented, stated that it had considered the parties' statements, and discussed the evidence that informed its decision.  Regardless of whether we might have decided differently how best to serve Congress's sentencing goals set forth in § 3553(a),

4

"[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**